UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------X
JAROD SKINNER,

                      Plaintiff,

      -against-

THE CITY OF NEW YORK; Correction Officer TYKIMA JONES, Shield No. 8832; Correction Captain CHRISTIAN NAUGHTON, Shield No. 257; Correction Officer THOMAS MOLYNEUX, Shield No. 11581; Correction Officer JOEL SENATE, Shield No. 11282; Correction Officer DANA HARRIS, Shield No. 15111; Correction Officer EXSONN FERNDANDEZ, Shield No. 9572; CORRECTION OFFICER JOHN and JANE DOE # 7 through 10, in their individual and official capacities as employees of the City of New York,

                      Defendants.
---------------------------------------------------X

**AMENDED COMPLAINT**

15-CV-6126 (JG)(JO)

**JURY TRIAL DEMANDED**

## **PRELIMINARY STATEMENT**

1. This is a civil rights action brought by plaintiff JAROD SKINNER ("Mr. Skinner") or "plaintiff" for damages pursuant to 42 U.S.C. §§ 1981, 1983, and 1988, the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, and the common law of the State of New York, against the defendants mentioned above in their individual and official capacities, and against the City of New York.

2. While in custody of the New York City Department of Correction ("DOC" or "the DEPARTMENT) plaintiff was viciously assaulted by staff members of the Department.

3. As a result of these attacks, plaintiff suffered significant injuries. Plaintiff now seeks redress against the DOC employees who

assaulted him and others who failed to intervene in his assault as well the City of New York.

4. Plaintiff seeks compensatory and punitive damages and an award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

5. At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

6. This action arises under the Eighth, and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §§ 1983, and 1988. This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §1343 (3) and (4). Plaintiff also asserts jurisdiction over the City of New York under 28 U.S.C. § 1331 and § 1367.

## JURY DEMAND

7. Plaintiff demands a trial by jury in this action.

## VENUE

8. Under 28 U.S.C. § 1391 (b) and (c), venue is proper in the Eastern District of New York.

## PARTIES

9. Plaintiff, Jarod Skinner, at all material times relevant hereto resided in the City and State of New York.

10. That at all times hereinafter mentioned, and upon information and belief, the defendant, the City of New York, was at all times relevant hereto, a municipal corporation duly organized and existing pursuant to the laws, statutes and charters of the State of

New York.

11. The New York City Department of Correction was at all times relevant hereto, an agency of the defendant the City of New York.

12. That at all times hereafter mentioned, and on information and belief, defendant Correction Officer TYKIMA JONES, Shield No. 8832, was at all times relevant hereto, an employee of the defendant City of New York, employed as a correctional officer by the New York City Department of Correction. She is sued in her individual and official capacities.

13. Defendant Correction Officer TYKIMA JONES, at all relevant times herein, either directly participated or failed to intervene to stop the assaults upon plaintiff.

14. That at all times hereafter mentioned, and on information and belief, defendant Correction Captain CHRISTIAN NAUGHTON, Shield No. 257, was at all times relevant hereto, an employee of the defendant City of New York, employed as a correctional officer by the New York City Department of Correction. He is sued in his individual and official capacities.

15. Defendant Correction Officer CHRISTIAN NAUGHTON, at all relevant times herein, either directly participated or failed to intervene to stop the assaults upon plaintiff.

16. That at all times hereafter mentioned, and on information and belief, defendant Correction Officer THOMAS MOLYNEUX, Shield No. 11581, was at all times relevant hereto, an employee of the defendant City of New York, employed as a correctional officer by the New York City Department of Correction. He is sued in his individual and official capacities.

17. Defendant Correction Officer THOMAS MOLYNEUX, at all relevant times herein, either directly participated or failed to intervene to stop the assaults upon plaintiff.

18. That at all times hereafter mentioned, and on information and belief, defendant Correction Officer JOEL SENATE, Shield No. 11282, was at all times relevant hereto, an employee of the defendant City of New York, employed as a correctional officer by the New York City Department of Correction. He is sued in his individual and official capacities.

19. Defendant Correction Officer JOEL SENATE, at all relevant times herein, either directly participated or failed to intervene to stop the assaults upon plaintiff.

20. That at all times hereafter mentioned, and on information and belief, defendant Correction Officer DANA HARRIS, Shield No. 15111, was at all times relevant hereto, an employee of the defendant City of New York, employed as a correctional officer by the New York City Department of Correction. She is sued in her individual and official capacities.

21. Defendant Correctional Officer DANA HARRIS, at all relevant times herein, either directly participated or failed to intervene to stop the assaults upon plaintiff.

22. That at all times hereafter mentioned, and on information and belief, defendant Correction Officer EXSONN FERNDANDEZ, Shield No. 9572, was at all times relevant hereto, an employee of the defendant City of New York, employed as a correctional officer by the New York City Department of Correction. She is sued in her individual and official capacities.

23. Defendant EXSONN FERNDANDEZ, at all relevant times herein, either directly participated or failed to intervene to stop the assaults upon plaintiff.

24. That at all times hereafter mentioned, and on information and belief, defendants Correction Officer JOHN and JANE DOE #7 through 10, were at all times relevant hereto, employees of the defendant City of New York, employed as correctional officers by the

New York City Department of Correction. They are sued in their individual and official capacities.

25. Defendants JOHN and JANE DOES #7 through 10, at all relevant times herein, either directly participated or failed to intervene to stop the assaults upon plaintiff.

26. At all times mentioned herein, all defendants were acting under color of state and local laws, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the City of New York and the State of New York.

27. That at all times hereinafter mentioned, and upon information and belief, the individual defendants are named herein both personally and in their official representative capacities as correctional officers employed by the defendant City of New York through its agency, the New York City Department of Corrections and that each and all of the acts of the individual defendants alleged herein were done by the individual defendants and each of them under cover and pretense of the statutes and laws of the State of New York, and under and by virtue of their authority as officers and employees of defendant, the City of New York.

**STATEMENT OF FACTS**

**A History of Excessive Use of Force New York City's Jails**

28. In August of 2014, the United States Attorney's Office issued a shocking report, exposing the DOC for deplorable conditions in New York City Jails, including of course the DOC's culture of excessive use of force by staff against inmates. In fact, for decades, through Department reports and civil litigation, DOC has been aware of the routine, dangerous, and unconstitutional use of excessive force by staff at individual facilities in the New York City Department of Correction. See, e.g., Fisher v. Koehler, 692 F. Supp. 1519 (S.D.N.Y. 1988), injunction entered, 718 F. Supp. 1111 (1989), aff'd, 902 F.2d

2 (2d Cir. 1990) [Correction Institution for Men]; Jackson v. Montemagno, CV 85-2384 (AS) (E.D.N.Y.) [Brooklyn House of Detention]; Reynolds v. Ward, 81 Civ. 101 (PNL) (S.D.N.Y.) [Bellevue Prison Psychiatric Ward]; Sheppard v. Phoenix, 91 Civ. 4148 (RPP) (S.D.N.Y.) [Central Punitive Segregation Unit].

29. For example, Sheppard v. Phoenix, 210 F. Supp. 2d 250 (S.D.N.Y. 1998)(terminating injunction), was a class action that concerned the City's Central Punitive Segregation Unit (CPSU). That litigation unearthed abuse of prisoners and cover-ups sufficiently serious to merit criminal prosecution.

30. Ingles v. Toro, 438 F. Supp. 2d 203 (S.D.N.Y. 2006) (approving stipulation of settlement), was a system-wide class action challenging the pervasive practice of using excessive force against inmates incarcerated in New York City's jails. This litigation revealed significant numbers of credible excessive force complaints from prisoners who had been seriously injured by staff in the City jails. The settlement of this class action was intended to provide meaningful improvements in the training, practice, and supervision of agency staff and investigators, and changes in the Department's use of force policy.

31. Since 2002, senior supervisors and uniformed staff in the DOC have been sued repeatedly by inmates alleging staff beatings. Many of these cases, all resulting in favorable judgments for plaintiffs following settlement, include remarkably similar allegations of misconduct. See, e.g.,

• Reynolds v. City of New York, No. 11 Civ. 621 (S.D.N.Y.) (alleging beat-up in George Motchan Detention Center ("GMDC") resulting in shoulder fracture and loss of consciousness; settled for $200,500);

• Mull v. City of New York, No. 08 Civ. 8854 (S.D.N.Y.) (alleging beat-up in AMKC resulting in diffuse axonal injury to brain, partial

loss of eyesight, and partial loss of hearing, and requiring the victim to take seizure medications; settled for $550,000);

- Belvett v. City of New York, No. 09 Civ. 8090 (S.D.N.Y.) (alleging beat-ups at GMDC and Robert N. Davoren Center ("RNDC") resulting in facial fracture; settled for $350,000);

- Youngblood v. Baldwin, No. 08 Civ. 5982 (S.D.N.Y.) (alleging beat-up at GRVC resulting in skull laceration and broken nose; settled for $240,000);

- Williams v. City of New York, No. 07 Civ. 11055 (S.D.N.Y.) (alleging beat-up in Otis Bantum Correctional Center ("OBCC") resulting in fractured jaw and facial bones and torn earlobe; settled for $202,500);

- Williams v. City of New York, No. 09 Civ. 5734 (S.D.N.Y.) (alleging beat-up in RNDC resulting in laceration to head; settled for $87,500);

- Lee v. Perez, No. 09 Civ. 3134 (S.D.N.Y.) (alleging beat-up at North Infirmary Command ("NIC") resulting in multiple rib fractures, a spinal fracture and a collapsed lung; settled for $300,000);

- Shuford v. City of New York, No. 09 Civ. 945 (S.D.N.Y.) (alleging two beat-ups at RNDC resulting in facial fractures; settled for $375,000);

- Diaz v. City of New York, No. 08 Civ. 4391 (S.D.N.Y.) (alleging beat-ups involving two inmates, one at AMKC and one at OBCC; settled for $400,000 and $450,000, respectively);

- Lugo v. City of New York, No. 08 Civ. 2931 (S.D.N.Y.) (alleging beat-up at NIC resulting in orbital fracture; settled for $185,000);

- Cuadrado v. City of New York, No. 07 Civ. 1447 (S.D.N.Y.) (alleging beat-up at RNDC resulting in punctured lung; settled for $175,000);

- Scott v. City of New York, No. 07 Civ. 3691 (S.D.N.Y.) (alleging beat-up at GMDC resulting in orbital fracture; settled for $175,000);

• Pischeottola v. City of New York, No. 06 Civ. 2505 (S.D.N.Y.) (alleging beat-up at RNDC resulting in punctured lung requiring chest tube; settled for $150,000);

• Rice v. N.Y.C. D.O.C., No. 03 Civ. 582 (S.D.N.Y.) (alleging beat-ups of two inmates at GRVC resulting in collapsed lung and contusion hematomas in one case, and in neck and spinal cord injuries causing permanent stutter in the other; settled for $255,000 and $590,000, respectively);

• Joseph v. N.Y.C. D.O.C., No. 02 Civ. 9219 (S.D.N.Y.) (alleging beat-up at GRVC resulting in orbital fracture; settled for $375,000).

32. Additionally, through DOC's elaborate reporting system, the City of New York was aware of the pattern of a large number of incidents involving the use of unnecessary and/or excessive force by DOC staff members resulting in serious injuries to inmates but failed to take sufficient steps to curb these abuses.

33. As of the time plaintiff was beaten, the City was aware of the unwillingness of the Department to investigate adequately and impose meaningful discipline against DOC staff members who use unnecessary and excessive force on prisoners, or who fail to accurately and honestly report it.

34. Through all these cases and Department reports, the City has been made aware of the widespread practice by DOC staff members of using excessive and/or unnecessary force to injure, and not restrain, inmates. They have also been made aware of the failures of DOC's Investigation Division to adequately investigate allegations of misconduct and of the refusal of the Department to bring effective disciplinary charges against its officers to promote institutional reform and protect the safety of prisoners confined in DOC custody.

35. The City cannot credibly contend that they are unaware of the pattern of abuse that occurs with regularity in New York City

jails and the failure of the City to take sufficient measures to investigate and discipline this abuse.

36. The City has not taken sufficient steps to curb the abuse that occurs on a daily basis in New York City jails. Indeed, it allows that abuse to persist through inadequate investigations of allegations of misconduct and the failure to discipline officers in the face of obvious wrongdoing.

**Assault Upon Plaintiff**

37. Plaintiff is an African-American male.

38. On or about January 22, 2015, plaintiff was being held at the Vernon C. Bain Center. That day, at approximately 5:00 am, several inmates attacked Mr. Skinner who was sleeping. Defendant officers JONES, NAUGHTON, MOLYNEUX, SENATE, HARRIS AND FERNANDEZ (hereinafter "defendant officers") appeared and without asking any questions started punching and kicking plaintiff with batons and other objects.

39. Plaintiff tried to shield the blows by extending his arms. The defendant officers continued beating Mr. Skinner and at some point plaintiff felt a sharp pain in his right hand and blood started oozing along his arm.

40. Plaintiff asked defendants to stop. The defendant officers continued their attack using a gas agent against plaintiff spraying it profusely on plaintiff's face and body. The defendant officers kicked, punched and stomped upon plaintiff.

41. Once they knocked plaintiff to the ground, the defendant officers delivered tremendous blows to plaintiff's face fracturing the bridge of his nose.

42. Claimant's injuries required immediate medical attention; however, claimant was denied medical attention.

43. As a result of the foregoing, claimant was caused to suffer

serious physical injuries and conscious pain and suffering.

44. At no time did plaintiff assault or attempt to assault any officer, nor did he present a threat or perceived threat to the personal safety of any officer or to the security of the jail so as to warrant the repeated application of physical blows.

45. Plaintiff did not provoke these beatings nor did he conduct himself in any manner that would warrant any use of force, much less the excessive force actually used.

46. Defendant officers acted sadistically and maliciously and demonstrated deliberate indifference toward plaintiff's rights and physical well-being.

47. All of the above was done in violation of state and federal law.

48. Defendant officers employed unnecessary and unreasonable force against the plaintiff.

49. Defendant officers acted maliciously and intentionally, and said acts are examples of gross misconduct.

50. As a direct and proximate result of the malicious and outrageous conduct of defendants set forth above, Plaintiff suffered injuries including but not limited to emotional trauma, harm and distress, mental anguish, serious physical injuries including a broken front tooth, contusions about the face, head and body, a gash on the head, severe bumps on his head, and bruising on his ribs, and permanent disfigurement.

51. The conduct of the defendant officers in assaulting the plaintiff and denying him medical attention directly and proximately caused serious physical and emotional injury, pain and suffering, mental anguish, humiliation and embarrassment.

52. The defendant officers intentionally used excessive force. The defendant officers acted with reckless and wonton disregard for the rights, health, and safety of the plaintiff.

53. As a direct result of the acts alleged herein, the plaintiff has suffered painful physical injury and pain, severe mental pain and anguish, and severe emotional distress.

54. All of the events complained of above have left permanent emotional scars that the plaintiff will carry with him for the remainder of his life.

## COUNT ONE
### Assault and Battery
### New York State Tort Law
### (Against All Defendant)

55. Plaintiff repeats and realleges each and every allegation above as if fully set forth herein.

56. The Defendants intentionally touched Plaintiff and caused him serious physical injury.

57. The Defendants' touching of Plaintiff was harmful and offensive and occurred without legal justification, excuse, or privilege.

58. Plaintiff did not consent to physical contact by any of the Defendants.

59. Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity to prevent such unlawful conduct, had a duty to intervene and prevent such unlawful conduct, and knowingly and intentionally failed to intervene.

60. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein alleged.

## COUNT TWO
### Excessive Use of Force, 42 U.S.C. § 1983
### (Against All Defendants)

61. Plaintiff repeats and realleges each and every allegation above as if fully set forth herein.

62. The Defendants intentionally touched Plaintiff.

63. The Defendants' touching of Plaintiff involved the use of excessive physical force and caused and/ or exacerbated serious injuries to Plaintiff.

64. Plaintiff did not consent to the excessive physical contact by any of the Defendants, and they lacked legal justification, excuse, or privilege for their conduct.

65. By virtue of the foregoing, the Defendants each deprived Plaintiff of his right under the Fourth Amendment to the United States Constitution to be free from the excessive use of force.

66. The Defendants each deprived Plaintiff of his rights intentionally, willfully, or recklessly, under color of law.

67. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein alleged.

## COUNT THREE
### Substantive Due Process
### 42 U.S.C. § 1983 (Against All Defendants)

68. Plaintiff repeats and realleges each and every allegation above as if fully set forth herein.

69. The Defendants each maliciously and sadistically abused their government power in their actions toward Plaintiff.

70. These actions were of a kind likely to, and which in fact did, produce substantial injury to Plaintiff.

71. The Defendants treated Plaintiff in a manner that shocks

the conscience.

72. The Defendants thus violated Plaintiff s right to substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution.

73. The Defendants each deprived Plaintiff of his rights intentionally, willfully, or recklessly, under color of law.

74. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein alleged.

## COUNT FOUR
### Cruel and Unusual Punishment, 8TH AMENDMENT, 42 U.S.C. § 1983 (Against All Defendants).

75. Plaintiff repeats and realleges each and every allegation above as if fully set forth herein.

76. The Defendants intentionally inflicted unnecessary and wanton pain and punishment upon Plaintiff by punching, kicking, and stomping him until he lost consciousness.

77. By intentionally inflicting unnecessary and wanton pain and punishment upon Plaintiff, the Defendants violated Plaintiff's rights under the Eighth and Fourteenth Amendments to the United States Constitution.

78. The Defendants each deprived Plaintiff of his rights intentionally, willfully, or recklessly, under color of law.

79. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein alleged.

## COUNT FIVE
## Respondeat Superior Liability
## Against the City of New York

80. Plaintiff repeats and re-alleges each and every allegation above as if fully set forth herein.

81. The aforementioned conduct of the defendants occurred while they were on duty and was within the scope of their authority as officers.

82. Thus, Defendant City of New York is liable to Plaintiff for his damages under the doctrine of respondeat superior.


## COUNT SIX
## 42 U.S.C. § 1983; MONELL; Fourteenth Amendment
## (Against Defendant City)

83. Plaintiff repeats and realleges each and every allegation above as if fully set forth herein.

84. Defendant City, through the DOC and officers to whom policymaking authority was delegated, and acting under the pretense and color of law, permitted, tolerated and was deliberately indifferent to a pattern and practice of staff brutality and retaliation by DOC staff at the time of plaintiff's beatings. This widespread tolerance of correction officer abuse of prisoners constituted a municipal policy, practice, or custom and led to plaintiff's repeated assaults.

85. By permitting, tolerating, and sanctioning a persistent and widespread policy, practice, and custom pursuant to which plaintiff was subjected to brutal beatings and untimely medical care, defendant City has deprived plaintiff of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, secured by 42 U.S.C. § 1983, including, but not limited to, rights guaranteed under the Fourteenth Amendment to be free from gratuitous and excessive force. Defendant City had a policy, custom, or practice of failing to train and/or supervise the individually named

defendants and other City employees on how to timely and adequately care for and treat inmates who were suicidal or severely depressed.

86. The City's failure to implement policies and practices and failure to train and supervise its employees resulted in the individual defendants and other City employees not treating and not properly obtaining timely care for plaintiff's depression and suicidal ideations.

87. These failures led directly to the violation of plaintiff's rights.

88. These failures led directly to the incidents that followed that led to plaintiff being injured.

89. As a direct and proximate result of the policy, practice, and custom detailed above, plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE, Plaintiff** requests that this Court:

(a) Award compensatory damages against the defendants, jointly and severally, for not less than $1,000,000;

(b) Award punitive damages against the individual defendants, jointly and severally;

(c) Award costs of this action to the Plaintiff;

(d) Award reasonable attorneys' fees and costs to the Plaintiff pursuant to 42 U.S.C. § 1988;

**<u>JURY DEMAND</u>**

DATED: February 29, 2016
Brooklyn, New York

_____
Afsaan Saleem, Esq.

The Rameau Law Firm
16 Court Street, Suite 2504
Brooklyn, NY 11241
(718) 852-4759
rameaulawny@gmail.com

*Attorney for plaintiff*